PARIENTE, J.,
concurring in result.
Although I agree that the order denying postconviction relief should be affirmed, I disagree with the majority’s analysis of the admissibility of the statements made by Smith regarding an intended rape. I would conclude that the admission of those statements was error but that confidence in the outcome of the guilt and penalty phases was not undermined by their admission.
My initial disagreement is with the majority’s discussion of the law pertaining to a defendant’s bad acts, see majority op. at 1045^16, as the statements by Smith that he initially considered the possibility of a sexual battery do not constitute “prior bad acts.” While I cannot disagree that the portions of the statements regarding Smith’s plan to escape could be deemed relevant, under the required evidentiary balancing test, “[r]elevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice.” § 90.403, Fla. Stat. (2006).
In this case, Agent Uebelacker and State witness Lykins offered significant evidence that Smith helped to plan the murder. Lykins testified that Smith admitted that he planned on escaping when a female guard was watching the inmates and that Smith planned on killing at least two people: a fellow inmate who he wanted dead and any other guard or inmate who was in the building because he wanted to make sure no one would sound an alarm before the escape. Lykins’ testimony regarding Smith’s statement as to the possible rape and the derogatory terms that *1055 Smith used therefore was inflammatory and unnecessary in light of the abundant evidence of guilt before the jury. The prosecutor then improperly seized upon that testimony in closing argument.
I further disagree with the majority’s conclusion that the danger of unfair prejudice was outweighed by the probative value of the portions of testimony at issue— or that this portion of the evidence had any probative value at all. Specifically, Smith does not assert that his counsel was ineffective for failing to object to all of his statements pertaining to the planned escape; instead, his claim focuses upon only those specific portions of his statements pertaining to an intended sexual battery and the reason this battery did not occur. In particular, Smith objects to the admissibility of his alleged statements — i.e., that if a female guard was on duty at the time of the escape attempt, he wanted to rape the female guard before escaping, and testimony that Smith did not rape the guard because she was dead. These very inflammatory statements pertaining to an intended rape were irrelevant to the crimes charged and were separate and apart from Smith’s statements regarding his intent to kill the guard on duty. Moreover, these inflammatory statements were cumulative and unnecessary in light of all of Smith’s other admissions pertaining to his significant involvement in planning the escape attempt and Smith’s desire to kill the guard on duty.
For these reasons, I would conclude that trial counsel was deficient for failing to object to the statements Smith made about an intended rape, but would affirm the denial of postconviction relief because under the Strickland prejudice standard, confidence in the outcome of the guilt and penalty phases is not undermined. Thus, I concur in the result of the majority opinion but not the reasoning regarding the admissibility of Smith’s statements.
QUINCE, J., concurs.